**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Camelot SI, LLC<br><br>  Plaintiff,<br><br>v.<br><br>ThreeSixty Brands Group LLC f/k/a<br>360 Holdings II-A LLC and MerchSource,<br>LLC,<br><br>  Defendants. | Case No. 1:21-cv-8232<br><br>Plaintiff's motion to seal paragraphs 45, 50, and Exhibits A and B to its second amended complaint and for leave to file paragraphs 45, 50, and Exhibit A and B under seal is granted.  SO ORDERED.<br><br>_____<br>Edgardo Ramos, U.S.D.J<br>Dated: October 22, 2022<br>New York, New York |

**CAMELOT SI'S MOTION TO SEAL CERTAIN ALLEGATIONS AND EXHIBITS A AND B TO ITS SECOND AMENDED AND SUPPLEMENTED COMPLAINT**

Plaintiff Camelot SI, LLC ("Plaintiff" or "Camelot SI") respectfully moves this Court for an order sealing certain allegations (¶¶ 45, 50) and Exhibits A and B to Camelot SI's Second Amended and Supplemented Complaint. In support of this Motion, Camelot SI states as follows:

**BACKGROUND**

Camelot SI and ThreeSixty Brands Group LLC f/k/a 360 Holdings II-A LLC ("Defendant" or "ThreeSixty") are parties to a Manufacturing Addendum ("Manufacturing License Agreement") and a Website and Catalog Rights Purchase Agreement ("Purchase Agreement"). The Manufacturing License Agreement and Purchase Agreement contain nonpublic information and confidential and proprietary business, technical, and financial information. The public disclosure of the otherwise non-public information in the Manufacturing License Agreement and the Purchase Agreement would harm ThreeSixty's and Camelot SI's business interests.

Exhibit B of the Purchase Agreement amended the Manufacturing License Agreement, and Section 19(d) of the Purchase Agreement contains a confidentiality clause that states as follows:

> "(d) <u>Confidentiality</u>. Subject to the requirements of applicable law, each Party shall maintain in confidence all information and materials (i) transferred to Buyer by reason of the transactions contemplated by this Agreement and (ii) all information and materials received from the other Party as a result of any the performance of this Agreement or the exercise of its rights hereunder and shall use such information only in connection with the performance of this Agreement or the exercise of its rights hereunder, and except in accordance with the immediately succeeding sentence, shall not disclose any such information to a third party, other than (i) to its officers, directors, employees, advisors, attorneys or accountants who need to know and who agree to keep such information confidential, (ii) to its actual or proposed lenders or other financing sources having been made aware of the restrictions set forth in this Section 19(d), (iii) to the extent disclosure is required by law, statute, rule, regulation or judicial process (including, but not limited to, applicable securities laws) or (iv) upon the lawful demand of any court or agency or regulator having jurisdiction over such Party (including, but not limited to, any securities regulatory authority, including rating agencies and national securities exchanges, to which the disclosing Party is subject) or make any unauthorized use thereof The obligation of confidentiality and non-use shall not apply to any information or material which (i) is or becomes generally available to the public through no fault of the receiving Party, (ii) is independently developed by the receiving Party or (iii) is received in good faith from a Person who is lawfully in possession of such information and has the lawful right to disclose it."

Exhibits A and B to the Second Amended Complaint are the same Exhibits that were filed under seal with Camelot SI's First Amended Complaint. *See* ECF No. 43.

In addition, the parties have exchanged documents in discovery pursuant to the Protective Order entered on March 1, 2022. (ECF No. 56.) In light of the Court's Opinion and Order regarding Defendants' Motion to Dismiss certain claims (ECF No. 71), Camelot SI seeks to assert additional facts in support of its claims against Defendants that came to light during discovery in this action. Some of those facts are based on documents produced by Defendants in discovery as "Highly Confidential – Attorneys' Eyes Only." Accordingly, Camelot SI seeks to file those allegations

under seal and redacted in the publicly-available version of the document pursuant to the Protective Order.

## ARGUMENT

Camelot SI acknowledges that the public generally has an interest in judicial proceedings and that under the law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, when the privacy interests of parties outweigh the public's general interest, this presumption can be overcome. The Second Circuit employs a three step process for determining whether a document should be placed under seal. First, the court must determine whether the at-issue material is actually a judicial document – i.e., an "item … relevant to the performance of the judicial function and useful in the judicial process" – so that the presumption applies. *Id*. Second, if the at-issue material is considered to be a judicial document, the court must then determine the weight to be afforded the presumption of access by examining the role the material plays in the court's exercise of its judicial powers and the value of such information to those monitoring the federal courts. *Id*. Third, the court must "balance competing considerations" against the presumption of access and consider the factors weighing in favor of sealing the material, such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id*. at 120. If there is "good cause" to depart from the presumption, the document may be sealed.

In this instance, Camelot SI respectfully submits that the Manufacturing License Agreement, the Purchase Agreement, and allegations referring to Highly Confidential information produced in discovery by Defendants may be sealed. The Manufacturing License Agreement and the Purchase Agreement may qualify as a "judicial documents" because it would be admittedly impossible for the Court to adjudicate Camelot SI's breach of contract claims without relying on

3

these agreements. *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc*., No. 17-CV-1287 (RJS), 2017 WL 11568796, at *2 (S.D.N.Y. May 2, 2017). However, the Manufacturing License Agreement and the Purchase Agreement contain nonpublic information and confidential and proprietary business, technical, and financial information, so it warrants such protection. *Gosmile, Inc. v. Dr. Jonathan Levine*, No. 10-Civ.-8663, 2011 Lexis 154840, at *4 (S.D.N.Y. April 20, 2011) (exhibits in question contained proprietary information and, therefore, should be filed under seal). Similarly, the allegations referring to Highly Confidential information constitute a portion of a judicial document. However, those allegations refer to nonpublic information and confidential and proprietary business information, so it warrants protection. *See Gosmile, Inc.*, 2011 Lexis 154840, at *4.

There is "good cause" to seal the Manufacturing License Agreement, the Purchase Agreement, and Highly Confidential allegations. The public has no legitimate interest in these agreements and limited allegations that outweighs the parties' interests in maintaining the confidential nature of the contractual relationship and in protecting the parties' proprietary business information. *Lugosch*, 435 F.3d 110 at 120 (documents may be sealed when the parties' interest in privacy outweighs the public's interest in monitoring proceedings). The Purchase Agreement contains a purchase price, and both the Purchase Agreement and the Manufacturing License Agreement contain payment terms negotiated by the parties. This payment data is sensitive and potentially damaging if shared with competitors. *See Vesta Corset Co. v. Carmen Founds., Inc.,* 97 Civ. 5139, 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999) (noting protocol to treat parties' cost information as confidential and holding, "Pricing and marketing information are widely held to be 'confidential business information' that may be subject to a protective order"). The Purchase Agreement and the Manufacturing License Agreement further contain confidential information on

4862-1381-4843.1

price, payment terms, indemnity requirements, assets of the parties, covenants between the parties, and other proprietary terms and conditions of the transaction. Knowledge of such terms has economic value. This is the sort of information that a competitor might want to access and leverage.

Further, Camelot SI and ThreeSixty bargained for a confidentiality provision in the Purchase Agreement. The parties entered into the Purchase Agreement with the express understanding that its terms, along with the terms of the Manufacturing License Agreement it amended, would remain confidential. That agreement should tip the Court's analysis in favor of privacy. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826-27 (2d Cir. 1997) (affirming district court decision to seal case file, except for court opinions and orders, where a confidentiality agreement entered into by parties "required that the papers … submitted to the district court be placed under seal"); *ITT Indus., Inc. v. Rayonier, Inc.*, No. 05 Civ. 4322-CLB, 2005 WL 1744988, at *2 n.4 (S.D.N.Y. July 20, 2005) (even when the court sees no need for secrecy, "the wishes of the parties are entitled to some consideration").

In addition the allegations contained in paragraphs 45, 50, refer to information from internal correspondence between Defendants regarding business strategy, website branding, and marketing information. Accordingly, such information should be placed under seal. *See Vesta Corset Co.,* 1999 WL 13257, at *2 (noting that "Pricing and marketing information are widely held to be 'confidential business information'"); *Gosmile, Inc.,* 2011 Lexis 154840, at *4 (sealing propriety information reflecting marketing and branding goals).

WHEREFORE, Camelot SI requests that this Court grant its Motion to Seal paragraphs 45, 50 and Exhibits A and B to its Second Amended and Supplemented Complaint and allow Camelot SI to file paragraphs 45, 49, and Exhibit A and B under seal.

Dated: October 21, 2022                    Respectfully submitted,

<u>*/s/ Peter N. Wang*</u>
Peter N. Wang
Benjamin I. Bassoff
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
(212) 682-7474
pwang@foley.com
bbassoff@foley.com

Lauren M. Loew (pro hac vice)
Jami A. Gekas (pro hac vice)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-5313
(312) 832-4500
lloew@foley.com
jgekas@foley.com

*Attorneys for Plaintiff Camelot SI, LLC*